IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| AFRAH AHMED, *as Personal Representative of the Estate of Sohail Iqbal*, | ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:26-cv-294 (RDA/WBP) |
| GEICO INSURANCE COMPANY, *et al.*, | ) ) | |
| Defendants. | ) ) ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Geico Choice Insurance Company's ("Defendant Geico") (Dkt. 4) Motion to Realign the Parties, Defendant Travelers Indemnity Company's ("Defendant Travelers") (Dkts. 6, 7) Motion to Dismiss, and Plaintiff's Motion to Remand (Dkts. 12, 18). This Court has dispensed with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). These matters have been fully briefed and are now ripe for disposition. Considering the Notice of Removal (Dkt. 1), the Complaint (Dkt. 1-1), the Motions (Dkts. 4, 6, 12), the Memoranda in Support (Dkts. 7, 12-1, 18), the Oppositions (Dkts. 14, 19, 22), and Defendant Gecio's Reply (Dkt. 22), the Court GRANTS the Motion to Realign, GRANTS the Motion to Remand, and DENIES the Motion to Dismiss as moot for the reasons that follow.

### I. BACKGROUND

The Plaintiff, acting as personal representative of the Estate of Sohail Iqbal ("Mr. Iqbal"), deceased, filed a declaratory judgment action on December 5, 2025, in the Circuit Court for Fairfax

County, Virginia. Dkt. 1 ¶ 1. In this filing, Plaintiff named Defendants Geico, Travelers, and Allstate Insurance Company ("Defendant Allstate") (collectively, "Insurance Carriers"), and Gabriel D. Rincon ("Defendant Rincon").[1] *Id.* Plaintiff seeks relief to "determine whether certain automobile insurance policies issued to or on behalf of [Ricon] and/or his relatives provide liability coverage in connection with the pending wrongful death action." *Id.* Specifically, Plaintiff asked the state court to: (a) assume jurisdiction over this matter; (b) order all identified insurers to produce certified copies of any potentially applicable policies; (c) declare which individuals are household relatives; (d) declare which insurance policies, if any, afford liability coverage to Defendant Rincon; (e) declare any duties to defend or indemnify Defendant Rincon; and (f) award such other relief as the court deems just and proper. Dkt. 1-1 ¶ 5. The wrongful death action in the Circuit Count for Fairfax County pertains to the death of Sohail Iqbal in a motor vehicle crash caused by Defendant Rincon driving under the influence.[2] *Id.* ¶ 2. In the wrongful death action, Plaintiff seeks compensatory damages of $2,500,000 and punitive damages of $350,000. *Id.* ¶ 6.

Defendant Geico was served in the declaratory judgment action on December 31, 2025; Defendant Travelers was served on January 6, 2026; and Defendant Allstate was served on January 1, 2026. *Id.* ¶ 4. Defendant Geico is a Nebraska corporation, with a principal place of business in Chevy Chase, Maryland. *Id.* ¶ 9. Defendant Travelers is a Connecticut corporation, with a principal place of business in Connecticut. *Id.* ¶ 10. Defendant Allstate is an Illinois corporation, with a principal place of business in Illinois. *Id.* ¶ 11. Defendant Rincon, Plaintiff, and Mr. Iqbal

---

[1] Although Rincon is not named in the caption of the Declaratory Judgement petition, both parties agree he was inadvertently omitted from the caption and should be named as a defendant. Dkt. 1 at 1; Dkt. 12-1 at 2.

[2] Rincon admitted to his fault in the car accident and pleaded guilty to involuntary manslaughter and driving under the influence of alcohol on December 5, 2024. Dkt. 4-2 at 4.

2

are all citizens of Virginia. Dkts. 4-1 at 2, 15.[3] Defendant Geico filed its Notice of Removal premised on diversity jurisdiction and Motion to Realign the Parties on January 30, 2026. Dkt. 4. Specifically, Geico seeks to realign Defendant Rincon with Plaintiff because Plaintiff seeks a defense and indemnity on Defendant Rincon's behalf in the wrongful death action. Dkt. 1 ¶ 14. Plaintiff's Opposition was filed on February 14, 2026. Dkt. 13.

Defendant Travelers filed its Motion to Dismiss on February 6, 2026; Plaintiff's Opposition was filed on February 20, 2026; and Defendant Travelers' Response was filed on February 26, 2026. Dkts. 6, 20, 21. Plaintiff's Motion to Remand was filed on February 14, 2026. Dkt. 12

## II. STANDARD OF REVIEW

Under 28 U.S.C. § 1441(a), a defendant may remove a civil action to a federal district court when the plaintiff could have originally brought the action in federal court. A motion challenging the removal of an action may be premised on either a lack of subject matter jurisdiction or a procedural defect apart from jurisdiction. *Ellenburg v. Spartan Motors Chassis, Inc.*, 519 F.3d 192, 196 (4th Cir. 2008). Motions to remand premised on a district court's lack of subject matter jurisdiction may be filed at any time, and the burden to establish federal jurisdiction falls on the removing party, with a removing party's jurisdictional allegations strictly construed in favor of remand. *Mulcahey v. Columbia Organic Chems. Co.*, 29 F.3d 148, 151 (4th Cir. 1994). Ultimately, a party seeking removal must establish that the district court can exercise original jurisdiction over the plaintiff's claims, which in most cases requires allegations supporting either

---

[3] For jurisdictional purposes, Plaintiff is a citizen of Virginia in this case, despite her current residency in Canada, because she is the legal representative of the estate of Mr. Iqbal. Dkt. 4-1 at 2; 28 U.S.C. § 1332 (c)(2).

federal question or diversity jurisdiction[4] under 28 U.S.C. Sections 1331 and 1332, respectively. *Id.* (citing § 1441).

## III. ANALYSIS

Defendant Geico asserts that after Defendant Rincon is realigned, this action is properly before this Court pursuant to 28 U.S.C. § 1332. Dkt. 22 at 1. Plaintiff claims that realignment is improper, that the amount in controversy has not been established, and that judicial economy calls for the action to be remanded. Dkt. 12-1. Furthermore, Defendant Travelers filed a Motion to Dismiss arguing that Plaintiff has failed to assert a justiciable controversy. Dkt. 6. Because Plaintiff's Motion to Remand challenges whether the instant case is appropriately before this Court, the Court will first address whether there is subject-matter jurisdiction.

### A. Jurisdiction

Defendant Geico, as the removing party, has the burden of establishing that the removal requirements are met. *See Lilla v. Progressive Marathon Ins. Co.*, 2023 WL 3431230, at *2 (E.D. Va. May 12, 2023) (citing *In re Blackwater Sec. Consulting, LLC*, 460 F.3d 576, 583 (4th Cir. 2006). Thus, Geico must show: (1) the amount in controversy exceeds $75,000, and (2) "complete" diversity exists. *See* 28 U.S.C. § 1332.

### i. Party Realignment

Complete diversity requires each plaintiff to be diverse from the citizenship of each defendant. *See Caterpillar Inc. v. Lewis*, 519 U.S. 61, 62 (1996). Here, Plaintiff and Defendant

---

[4] A federal district court has diversity jurisdiction when: (1) the amount in controversy exceeds $75,000; and, (2) "the citizenship of each plaintiff is diverse from the citizenship of each defendant." *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

Rincon are both citizens of Virginia at the time of Mr. Iqbal's death. Dkts. 4-1 at 2, 15. Thus, on the face of the state complaint, there is not complete diversity.

However, when "there is no diversity of citizenship based on the initial alignment of the parties in an action commenced in state court, a defendant may nonetheless remove the cause to federal court and request realignment of the parties to produce the requisite diversity." *Lilla*, 2023 WL 3431230, at *2. Realignment is appropriate when the principal purpose test adopted by the Fourth Circuit is satisfied. *See id.*; *Lott v. Scottsdale Ins. Co.*, 811 F. Supp. 2d 1220, 1223-24 (E.D. Va. 2011). The principal purpose test requires the court to: (i) determine the primary issue in the controversy; and (ii) align the parties with respect to this primary issue. *Lott*, 811 F. Supp. 2d at 1224. Defendant Geico argues that the primary issue is whether the Insurance Carriers have a duty to defend and indemnify Defendant Rincon in the wrongful death action. Dkt. 4 at 4. Thus, Defendant Geico argues that Defendant Rincon's interest in coverage is more closely aligned with Plaintiff's interests rather than the Insurance Carriers. *Id.* Plaintiff argues Defendant Rincon is not properly realigned because the wrongful death action is not contingent upon whether Defendant Rincon has coverage, and Plaintiff will pursue a judgment in the wrongful death action regardless of the declaratory judgment outcome. Dkt. 12-1 at 3-4.

To decide this issue, the Court "must look beyond the pleadings and align the parties according to their real interest in the dispute." *City of Indianapolis v. Chase National Bank*, 314 U.S. 63, 69 (1941). Here, the true issue is whether the Insurance Carriers have a duty to defend and indemnify Defendant Rincon in the wrongful death action. District judges in this District have previously found realignment appropriate in similar circumstances. *See Lott*, 811 F. Supp. 2d at 1224 (finding realignment appropriate "when the primary issue was whether Scottsdale (the insurer) has a duty to defend and indemnify Palm Pools (the insured) for the claims asserted by

5

Plaintiff in the underlying [state] lawsuit"); *Lilla*, 2023 WL 3431230, at *2-3 (finding realigning Defendant in the underlying suit with the Plaintiff was appropriate when the primary issue was "whether Progressive (the insurer) has a duty to defend and indemnify [d]efendant (insured) for the personal injury claims raised by Plaintiff"). Therefore, the Court will grant the motion to realign Defendant Rincon with Plaintiff. Accordingly, with this realignment, diversity citizenship exists because no remaining Defendant is a citizen of Virginia. Dkt. 1 ¶¶ 9-11.

### ii. Amount in Controversy

In declaratory judgment actions, the amount in controversy is measured by the value of the object of the litigation. *See Indian Harbor Ins. Co. v. French*, 555 F. Supp. 3d 273, 277 (E.D. Va. 2021) (quoting *Hunt v. Washington State Apple Advert. Comm'n*, 432 U.S. 333, 347 (1977)). In similar declaratory judgments seeking application of an insurance policy, district judges in this District have determined the amount in controversy was measured by the potential claim underlying the state action.[5] *See French*, 555 F. Supp. 3d at 277 (finding the underlying wrongful death suit in Virginia state court seeking $10,000,000 was considered for the amount in controversy) (case citations omitted).

Here, the underlying wrongful death suit pending in Circuit Court for Fairfax County is seeking $2,500,000 in compensatory damages and $350,000 in punitive damages. Dkt. 1 ¶ 6; Dkt.

---

[5] Plaintiff cites *Butler v. Mutual Safe Co.*, 35 F. Supp. 3d 1355, 1361 (M.D. Fla. 2014). Dkt. 12-1 at 6. However, after a comprehensive search of Westlaw, LEXIS, and PACER, no such case exists in the Middle District of Florida. Had Plaintiff meant to cite *Butler v. Mutual Safe Co., Inc.*, 35 F.3d 555 (4th Cir. 1994), this case affirms granting summary judgment to a defendant based on a finding that the proximate cause of the lost items was a burglary, rather than a defect in a locking system. This case does not support Plaintiff's assertion of a jurisdiction amount being overstated when there is a pending state action. Dkt. 12-1 at 6.

1-2. Thus, the amount in controversy far exceeds $75,000 and this Court has subject-matter jurisdiction.

### B. Discretionary Authority

Once removed, an action originally filed under Virginia Code § 8.01–184 is treated by the federal court as though it had been filed under 28 U.S.C. § 2201. *See Chapman v. Clarendon Nat. Ins. Co.*, 299 F. Supp. 2d 559, 563 (E.D. Va. 2004). Even if a court has jurisdiction, it may exercise its discretion and decline to entertain a declaratory judgment. *See French*, 555 F. Supp. 3d at 276 (citing *Penn-Am. Ins. Co. v. Coffey*, 368 F.3d 409, 412 (4th Cir. 2004)). The Declaratory Judgment Act has routinely been characterized as "an enabling act, which confers a discretion on the courts rather than an absolute right." *Wilton v. Seven Falls Co.*, 515 U.S. 277, 287 (1995). "'When a related state court proceeding is pending' in the context of a federal declaratory judgment action, 'considerations of federalism, efficiency, and comity should inform the district court's decision whether to exercise jurisdiction over a declaratory judgment action.'" *French*, 555 F. Supp. 3d at 277 (quoting *Coffey*, 368 F.3d at 412). Specifically, courts should consider: (1) whether the state has a strong interest in having the issues decided in its courts; (2) whether the state could resolve the issues more efficiently than the federal courts; (3) whether the presence of overlapping issues of fact or law might create unnecessary entanglement between the state and federal courts; and (4) whether the federal action is mere procedural fencing, in the sense that the action is merely the product of forum shopping. *French*, 555 F. Supp. 3d at 277-78 (internal citations and quotations omitted).

Here, the conditions of the Insurance Carriers' obligations in the state action rests upon Virginia Code §38.2-2206. Dkt. 4-1 at 2. Previously, district judges in this District have found that state courts have a strong interest in deciding insurer's potential obligations when the scope

of coverage is governed by state law. *See French*, 555 F. Supp. 3d at 278-79 (finding Virginia state courts had a strong interest in deciding the insurer's obligations when the potential liability depended upon the scope of uninsured motorist coverage under Virginia Law); *see also Chapman*, 299 F. Supp. 2d at 563-65 (remanding declaratory judgment action regarding insurance coverage to state court); *Fid. & Guar. Ins. Underwriters, Inc. v. Holt*, 2 F. Supp. 2d 798, 801 (E.D. Va. 1998) (declining to exercise jurisdiction over insurance dispute). Similarly, here, Virginia state courts have a strong interest in deciding the Insurance Carriers' obligations when the potential liability rests upon Virginia Code § 38.2-2206. Furthermore, the state court could resolve the dispute more efficiently because all issues stem from a "single controversy." *See id.* (citing *Mitcheson*, 955 F.2d at 238). Should Plaintiff be unsuccessful in the state wrongful death claim, the Insurance Carriers' obligations no longer become necessary, and the state court would be more efficient in resolving the necessity of these obligations at the outset. *See French*, 555 F. Supp. 3d at 278-79. Lastly, there is a strong possibility of unnecessary entanglement between state and federal courts because highly relevant material facts in the wrongful death action would inform the scope of coverage in this action. *See Coffey*, 368 F.3d at 414. Since neither party advances evidence suggesting Geico is engaging in a form of "procedural fencing" or forum shopping, the Court will not determine this issue. However, given the other considerations, the Court finds the this action is better suited for state court. Accordingly, the Court uses its discretion and declines to exercise subject-matter jurisdiction and will remand the case to the Circuit Court for Fairfax County.

IV. CONCLUSION

Accordingly, for the foregoing reasons, it is hereby ORDERED that Defendant Geico's Motion to Realign the Parties (Dkt. 4) is GRANTED; and it is

8

FURTHER ORDERED that Plaintiff's Motion to Remand (Dkt. 12) is GRANTED; and it is

FURTHER ORDERED that Defendant Traveler's Motion to Dismiss (Dkt. 6) is DENIED WITHOUT PREJUDICE in light of the Court's decision on remand; and it is

FURTHER ORDERED that this matter is REMANDED to the in Circuit Court for Fairfax County; and it is

FURTHER ORDERED that the Clerk of the Court is directed to close this civil action.

It is SO ORDERED.

Alexandria, Virginia
July 22, 2026

_____ /s/
Rossie D. Alston, Jr.
United States District Judge

9